**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **BRANDON LOPEZ ANGUIANO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1817-KC** |
| | § | |
| **WARDEN OF THE EL PASO** | § | |
| **SERVICE PROCESSING CENTER,** | § | |
| **et al.,** | § | |
| | § | |
| **Respondents.** | § | |

## <u>ORDER</u>

On this day, the Court considered Brandon Lopez Anguiano's Petition for a Writ of

Habeas Corpus, ECF No. 1.  Lopez Anguiano is held in immigration detention at the El Paso

Service Processing Center in El Paso, Texas.  *Id.* ¶ 3.  He argues that his detention is unlawful

and asks the Court to order his release or a bond hearing.  *Id.* ¶¶ 138–268; *id.* at 88.

Lopez Anguiano entered the country in 2011 and was apprehended and detained by

immigration authorities for the first time on May 22, 2026, following a traffic stop by local law

enforcement.  Pet. ¶¶ 1–2; Resp. 3, ECF No. 4.  In its Show Cause Order, ECF No. 3, the Court

noted that, "[a]s alleged, [Lopez Anguiano's] case appears materially indistinguishable from

several others in which this Court has found a procedural due process violation.  *See, e.g.*,

*Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21,

2025)."  Show Cause Order 2.  The Court thus asked Respondents to engage with its prior

decisions and "explain whether the facts of Lopez Anguiano's case warrant a different outcome."

*Id.*

On July 20, 2026, Respondents filed their Response, in which they argued that Lopez Anguiano's case must be dismissed following *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026).  Resp. 1.  On July 21, the en banc Fifth Circuit issued a stay of three district courts' judgments, which had each ordered the release of immigration habeas petitioners held under 8 U.S.C. § 1225(b)(2)(A), on due process grounds.  *Sosnava Rodriguez v. Ortega*, --- F.4th ----, 2026 WL 2104747 (5th Cir. July 21, 2026).

An interim order granting a stay is "not conclusive as to the merits" but may "inform how a court should exercise its equitable discretion in like cases."  *Trump v. Boyle*, 145 S. Ct. 2653, 2654 (2025).  Such an order "does not make or signal any change to [the] law" and "is not a ruling on the merits."  *Merrill v. Milligan*, 142 S. Ct. 879, 879 (2022) (Kavanaugh, J., concurring); *accord U.S. Navy SEALs 1-26 v. Biden*, 72 F.4th 666, 675 n.9 (5th Cir. 2023) (declining to vacate a published order denying a stay because a stay order does not "spawn binding legal consequences regarding the merits of [a] case.").  "[I]nstead[, it] simply stays the District Court's injunction" in the particular case or cases on appeal, "*pending a ruling on the merits*."  *Merrill*, 142 S. Ct. at 879 (Kavanaugh, J., concurring) (emphasis in original).  Where stay orders in one case have informed the Supreme Court's exercise of its equitable discretion to stay a subsequent case, the original stay orders analyzed the relevant factors and explained why the balance of the equities weighed in favor of a stay.  *See, e.g.*, *Boyle*, 145 S. Ct. at 2654 (citing *Trump v. Wilcox*, 145 S.Ct. 1415 (2025)); *Nat'l Institutes of Health v. Am. Pub. Health Ass'n*, 145 S. Ct. 2658, 2659 (2025) (citing *Dep't of Educ. v. California*, 604 U.S. 650 (2025)).

The Fifth Circuit's stay in *Sosnava Rodriguez* was issued without any explanation of its analysis whatsoever.[1]  Thus, reading into the stay order "is an inherently speculative endeavor."

---

[1] As to the actual stay, the July 21, 2026, Order reads, in its entirety, "IT IS FURTHER ORDERED that Appellants' opposed motion for stay of the district court judgments pending rehearing *en banc* is

*See Sagastizado v. Noem*, 802 F. Supp. 3d 992, 1013 (S.D. Tex. 2025).  An endeavor the Fifth Circuit itself has declined to engage in, finding that "guess[ing] [at] the meaning of unexplained grants of a stay or writs of certiorari" makes it "even more difficult [to] rationally [] order outcomes."  *Selvage v. Lynaugh*, 842 F.2d 89, 94–95 (5th Cir. 1988), vacated sub nom. *Selvage v. Collins*, 494 U.S. 108 (1990).  And that, "abiding [by its] settled view of the law until told to do otherwise best strikes for rational and evenhanded justice."  *Id.* at 95; *accord Sagastizado*, 802 F. Supp. 3d at 1013 ("Without clearer direction, the Court will not deny relief this Court deems likely meritorious . . .").

Without any explanation as to why the Fifth Circuit stayed the district courts' judgments in *Sosnava Rodriguez*, this Court declines to "guess the meaning" of the stay order.  *See Selvage*, 842 F.2d at 94.  Because the stay order does not explain why the competing equities in the three consolidated cases in *Sosnava Rodriguez* warranted a stay, the Court is unable to discern how the balancing of the equities there informs the equities present here.  Accordingly, in the interest of "rational and evenhanded justice" the Court continues to apply its interpretation of the law governing habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b) "until told to do otherwise."  *See id.* at 95.  In doing so, the Court joins at least three other courts in the Fifth Circuit who have proceeded with consideration of such claims following the *Sosnava Rodriguez* stay order.  *See Scott Camacho* v. *Dep't of Homeland Sec.*, No. 3:26-cv-1717-DB, 2026 WL 2137156 (W.D. Tex. July 24, 2026); Order, *Tolentino-Rodriguez v. Blanche*, No. 26-cv-5611 (S.D. Tex. July 23,

---

GRANTED."  *Sosnava Rodriguez*, 2026 WL 2104747, at *1.  In addition to granting the stay, the same order also grants a motion to expedite consideration of the stay and denies as moot a motion to refer the stay motion to the en banc court.  *Id.*  The court did not explain its rationale as to either of those decisions, either.  *Id.*

2026), ECF No. 6; Order, *Mercado Leyva v. U.S. Dep't of Just. Immigr. Ct.*, No. 26-cv-1196 (S.D. Tex. July 23, 2026), ECF No. 11.

Turning to the merits of the Petition, Lopez Anguiano argues that his detention without an opportunity for a meaningful individualized custody determination is unlawful on statutory grounds, as well as constitutional due process grounds. Pet. ¶¶ 138–268. The *Buenrostro-Mendez* panel opinion held that the statute does not entitle people in Lopez Anguiano's position to a bond hearing when they are detained pending removal proceedings. *Buenrostro-Mendez*, 2026 WL 323330, at *1. Therefore, Respondents are correct that *Buenrostro-Mendez* requires denial of the Petition in part as to Lopez Anguiano's statutory claim.

However, as this Court has previously stated, the *Buenrostro-Mendez* court did not reach the due process question, confining its analysis and holding to statutory interpretation. *Gomez Hernandez v. ICE Field Off. Dir., El Paso, Tex.*, No. 3:26-cv-67-KC, 2026 WL 503958, at *2 (W.D. Tex. Feb. 23, 2026) (citations omitted). "Thus, '*Buenrostro-Mendez* has no bearing on this Court's determination of whether [a habeas petitioner] is being detained in violation of her constitutional right to procedural due process.'" *Id.* at *2 (citations omitted). Other "[f]ederal district courts in Texas have also made this finding subsequent to the Fifth Circuit issuing its opinion in Buenrostro-Mendez." *Ochoa v. Vergara*, No. 1:26-cv-266-RP, 2026 WL 482211, at *3 (W.D. Tex. Feb. 20, 2026) (collecting cases).

And the Court has already rejected the rest of Respondents' arguments or else need not reach them. *Compare* Resp. 1–28, *with, e.g.*, *Gomez Hernandez*, 2026 WL 503958, at *1–3; *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez*, 2025 WL 2965859, at *1–5; *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025

WL 2792588, at *10–13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex. 2025).  Because Respondents have not identified any material differences between Lopez Anguiano's case and this Court's prior decisions, and neither *Buenrostro-Mendez* nor the stay order in *Sosnava Rodriguez* bar consideration of Lopez Anguiano's procedural due process claim, it follows that the same result is warranted here.  *See generally* Resp.

Thus, after careful consideration of the entire record,[2] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, *Gomez Hernandez*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Lopez Anguiano's Petition is **GRANTED IN PART** on procedural due process grounds.[3]

The Court **ORDERS** that, <u>**on or before August 5, 2026**</u>, Respondents shall either: (1) provide Lopez Anguiano with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Lopez Anguiano's continued detention; or (2) release Lopez Anguiano from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, <u>**on or before August 5, 2026**</u>, Respondents shall **FILE** notice informing the Court whether Lopez Anguiano has been released from custody.  If Lopez Anguiano has not been released from custody, Respondents shall inform the Court

---

[2] To the extent there are any fact disputes, the Court resolves them in Respondents' favor, *see* Resp. 3, and therefore grants relief without a hearing.  *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

[3] As to Lopez Anguiano's requested relief—immediate release or a bond hearing—*Buenrostro-Mendez* does not change the Court's analysis of the appropriate remedy either.  *See, e.g.*, *Bonilla Conforme v. de Anda-Ybarra*, No. 3:26-cv-263-KC, 2026 WL 381110, at *3 (W.D. Tex. Feb. 11, 2026) (citing *Lala Barros*, 2025 WL 3154059, at *5 n.1).

5

whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**IT IS FURTHER ORDERED** that if Lopez Anguiano is released from custody, Respondents shall **RETURN** all of his personal property in their custody, without which his liberty interest will be affected, to him upon release.  Such property includes, but is not limited to, identification documents.

**There will be no extensions of the August 5, 2026, deadlines,** unless they fall on a weekend or a holiday, in which case, the deadlines are extended to the following business day.

**Respondents are CAUTIONED that a proceeding in which bond is denied by the IJ for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with this Order, and therefore requires release from custody**.

**SO ORDERED**.

**SIGNED this 29th day of July, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE